## COUNTY OF PROVIDENCE, MARCH TERM, 1871, AT PROVIDENCE.

PRESENT :

Hon. GEORGE A. BRAYTON, Chief Justice.
Hon. THOMAS DURFEE, } Justices.
Hon. ELISHA R. POTTER, }

---

### WILLIAM M. BAILEY & others *vs.* JAMES Y. SMITH.

B. filed a bill in equity against S. to whom he had assigned all his property in trust for the benefit of his creditors, alleging malfeasance and mismanagement of the trust by his said assignee, and that, upon a proper account, it would appear that the estate conveyed was sufficient to discharge all the trusts of the deed and return a large sum to the assignor, and praying for such an account. The day after the filing of the bill, B. was adjudged a bankrupt upon his own petition, and H. appointed his assignee in bankruptcy. *Held*, that by reason of B.'s bankruptcy and the transfer of all his estate to his assignee, the said H., the bill became defective and must be dismissed, all B.'s interest being now represented by said assignee; and also, that for the same reason a supplemental bill filed by B. to compel said assignee, H., to become a party, must also be dismissed, B.'s remedy for any alleged grievance caused by the refusal of H. to prosecute said suit being in bankruptcy proceedings, and not in this Court of Chancery.

BILL IN EQUITY. The material allegations of the original bill are stated at the commencement of the opinion of the court.

At the October Term of this court, 1869, the respondent filed a motion asking that the bill might be dismissed as to complain-

ant Bailey, on account of his bankruptcy subsequent to the commencement of the suit; and at the hearing relied upon the statement of that fact in the answer in the nature of a plea in bar under the rules, and upon the evidence of the bankruptcy as shown by the certificate of the clerk of the Bankrupt Court on file in the case.

The rule of the court relied on was Equity Rule No. 40, in conjunction with the statement of the law contained in Story's Eq. Pl. §§ 726 and 728, and in 1 Daniell's Ch. Prac. 814.

Upon this application the court ordered the bill of complaint to be dismissed as to complainant Bailey, unless within thirty days from the entry of the order (January 15, 1870) the assignee in bankruptcy of said Bailey was made or became a party to the proceedings in this suit; and by a subsequent order the time was extended to March 1, 1870.

The assignee declined to become a party to the suit in this court, and within the period prescribed by the order of the court, viz., on the 26th of February, 1870, the complainants (William M. Bailey and Richard J. Arnold), without leave of the court for that purpose first had and obtained, filed a supplemental bill againt James Y. Smith, the defendant in the original suit, and Barnabas B. Hammond, the assignee in bankruptcy of said Bailey. The supplemental bill, after stating the filing of the original bill and the answer thereto, set forth the bankruptcy of the said complainant Bailey; the appointment of B. B. Hammond as his assignee, and the transfer to said assignee by the register in bankruptcy, according to the bankrupt act, of all estate and effects of said Bailey; that said Hammond accepted said trust and still held the office of assignee; and also that the original suit had become defective or abated as to said complainant Bailey, and claimed the right to have the same revived as to him, by making said assignee a party defendant, he having declined to appear as a party complainant, and prayed that said James Y. Smith and Barnabas B. Hammond might answer the supplemental bill, and for relief against said James Y. Smith in substance as prayed in the original bill.

The cause now came before the court upon two motions: one by the defendant, James Y. Smith, asking for an order dismissing the original bill, as to the complainant Bailey, on the ground

that his assignee in bankruptcy had not become or been made a party to the proceedings in this court, according to the order extending the time for that purpose to the first of March; the other by James Y. Smith and B. B. Hammond, said Bailey's assignee, who had been named as defendants in the supplemental bill, and who appeared *de bene esse* merely, asking that said supplemental bill might be dismissed, for the reasons that the same had been filed without the leave of this court, and that such leave ought not to be granted.

*Bradley, Markland & Rogers,* for the respondent, in support of the motions, cited National Bankrupt Act, §§ 14, 16 ; 53d Rule of Equity Practice, Sup. Ct. of R. I.; 57th Equity Rule, U. S. Circuit Court, First Circuit; *Allen* v. *Taylor,* 2 Green Ch. 435 ; *Pedrick* v. *White,* 1 Met. 78 ; 2 Daniell's Ch. Prac. 1605 and 1606, and notes ; Colvert on Parties, s. p. 200, 201 ; Eden on the Bankrupt Law, s. p. 347, 351 ; 2 Griffith & Holmes on Bankruptcy, 935.

*Currey & Blake,* for the complainant, *contra,* cited National Bankrupt Act, § 14 ; *Sedgwick* v. *Cleveland,* 7 Paige, 292 ; Story's Eq. Pl. § 340, note.

BRAYTON, C. J.  The bill in this case was originally filed February 28, 1868, by Bailey, the debtor, since become bankrupt, and Arnold, one of his creditors, and others.  It states an assignment by Bailey to Smith, the respondent, of all his estate and effects, in trust for the benefit of his, Bailey's, creditors, to be sold and applied to the payment of the assignor's debts, in certain modes there set forth, and to return any balance remaining, after the payment of his debts, and the execution of the trust; that Smith has mismanaged his trust, making sales of the property for inadequate prices, and for his own interest, and upon insufficient notice in some cases, so that the property has not realized so much money as, by proper management according to his duty, it would have brought; that he has misapplied the moneys received, and therewith paid claims which were not due or owing by the plaintiff, and discharged contingent liabilities of the plaintiff while contingent, and before they had become absolute ; and that, upon a proper account, it will appear that the estate conveyed was sufficient to discharge all the trusts of the deed, and leave a large surplus for the assignor, and prays, for such an account from the assignee Smith.

The day after the filing of this bill, February 29, 1868, Bailey, the assignor, went into bankruptcy on his own petition, and was thereupon declared bankrupt, and all his estate in law and in equity was transferred to his assignee in bankruptcy, Barnabas B. Hammond.

Upon Bailey becoming bankrupt, and the transfer of all his estate and effects to his assignee, said Hammond, the bill as to said Bailey became defective.

Bailey ceased to have any interest to be represented by him. He had therefore no standing in court, the trust to be executed by Hammond requiring whatever estate passed to him.

Hammond having now the whole interest might, as the bankrupt act provides, have come in, and, upon application to the court for that purpose, might have assumed the prosecution of the suit in his own name for the purposes of the trust, though it was at his discretion to do so or not. He was not obliged to assume it, and if he was satisfied that the estate would not profit by the prosecution, his duty would be to leave the suit to be dismissed for the want of proper parties, and he could come to no loss by omitting to go on.

The assignee not coming in, and Bailey having no interest, the defendant, Smith, moved by his counsel that the bill be dismissed as to Bailey, as was his right, if nothing more had been done in the suit, and, upon this motion, the court ordered that the bill should be so dismissed, unless the said Hammond, the assignee, came in or was made a party within thirty days.

The assignee has not come in and made himself a party, but Bailey and Arnold, the original plaintiffs, have filed a supplemental bill, in order to make Hammond, the assignee, a party defendant.

Against this supplemental bill it is objected that it is filed without leave, which by the rules of chancery cannot be, and so the matter of the bill is not before the court, and the original bill should now be dismissed.

By the order made upon the original motion to dismiss, the plaintiffs might well claim that they had leave to make the assignee a party to the suit with or against his will, if by the rules in chancery they might properly do so. But the court did not undertake to determine, at that stage of the proceeding, if they

Bailey *v*. Smith.

lawfully might, or what the supplementary matter should be to render it sufficient to make such new party. That question was reserved until an attempt was made to bring in the assignee, and the question now is, upon the supplemental matter, if properly the bankrupt can remain a party to this bill, and compel the assignee to be a party also. And this resolves itself into the question, if a bankrupt can remain a party to the bill; for if he cannot, he is equally disabled to call in another, and the question is reduced to this, can a bankrupt maintain a bill such as this becomes by the supplemental matter? The original bill was defective because, upon suggestion of the bankruptcy, there was no interest in him in the subject matter of the bill.

Does the supplemental matter disclose any interest in the bankrupt in the subject matter? It merely states that the assignee declines to come in and assume upon himself the prosecution of the suit. This shows no interest in the bankrupt which did not before appear, but only that the assignee deems it best not to prosecute, and has so made his election not to do so. He states no interest above or distinct from that of the assignee.

There is no precedent for sustaining such a bill, and we think it quite settled that it cannot be sustained. Indeed it has been determined that such a bill is demurrable. *Benfield* v. *Solomons*, 9 Ves. 77.

The same reason which makes the original defective renders a supplemental bill insufficient, that it discloses no interest in the bankrupt which may not be, and is not, fully represented by the assignee.

In fact, there is no case referred to by either side in which a bill has been sustained by a bankrupt, as to matters prior to his going into bankruptcy. The case of *Benfield* v. *Solomons* was a bill by a bankrupt. The bill prayed an account of all dealings of the defendant, Solomons, with the bankrupt, and that he might be decreed to pay over to the assignee the balance found due upon account, alleging that there was due thereon a very large amount. The lord chancellor, in sustaining the demurrer to this bill, says, an admission that the commission legally issued is an admission that the equitable title is altogether in the assignees; and that there is less difficulty in such a case in not allowing the bill, because, in equity, except in particular cases,

the whole order, management, and disposition of the bankrupt's affairs are placed under that authority which the lord chancellor exercises in bankruptcy, and intimates that the bankrupt is not without remedy, but has, in bankruptcy, a much better one; and if there be a case (though *primâ facie* he has no demand) in which the creditor or assignee, or both, refuse to interfere and give him a chance of surplus, though the bankrupt cannot sue, yet the chancellor will order the assignees to permit him to use their names, to enable him to recover the property, he giving security for costs; and, speaking of the inconvenience of permitting such a bill, characterizes it as enormous, for it might be that he might file a bill against every other creditor, and this not for the purpose of remedying any mischief, for he may proceed in another forum; and that there is no case in which the jurisdiction in bankruptcy cannot give the relief required; *Spragg* v. *Binkes*, 5 Ves. 583; *Bonser* v. *Hughes*, Anst. 101; and no such bill was ever filed, though occasion is given in almost every bankruptcy.

That even if, under some exceptional circumstances, a bill by the bankrupt would lie, there is no sufficient allegation of collusion in the assignees. It is a general allegation, and states no facts which support the allegation; but if it were sufficient in other cases upon which to make an issue and prevent a demurrer, he would say here, the rule making it sufficient is not applicable, considering the enormous inconvenience in allowing a bill.

That he will not break in upon the practice, standing upon the ground of inconvenience so strong, that no such instance is to be found; and that he can safely deny the application, because it is not done at the expense of the bankrupt's possible interest, and at most only puts him to another more convenient and more beneficial proceeding.

The whole reasoning here, and in all the cases where the question has been discussed, is against allowing such a bill in any case, as in a very high degree inconvenient, as entirely unnecessary for the protection of the bankrupt's interest, and as in every way better for him to proceed in bankruptcy, where he has a more convenient, more speedy, quite as certain, and perfect remedy for all his complaints.

All the inconveniences of maintaining such a bill exist here.

They are as great, nay, they are much greater, considering our complicated system of government.

*Bill dismissed as to complainant, William M. Bailey, without costs.*